UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

AARON MICHAEL BRUCE, Individually, and as Parent of BREKKIN RILEY BRUCE, Deceased, and TRENTON BEAU BRUCE, Deceased,

Case No.1:20-cv-2636

    Plaintiffs,

v.

BARNETS, INC, an Ohio Corporation, GARY GREGG, COREY R. WITHROW, and ELISE MARIE ACOSTA, Jointly and Severally,

    Defendants.
_____/

**PLAINTIFF'S COMPLAINT & DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff AARON MICHAEL BRUCE, by and through his attorneys, Fieger, Fieger, Kenney, & Harrington, P.C., and for his Complaint against Defendants, states the following:

**JURISDICTIONAL ALLEGATIONS**

1.    Plaintiff AARON MICHAEL BRUCE (hereinafter "Plaintiff") is a citizen of the State of Missouri, who is currently receiving medial are at the University of Michigan Medical Center in Ann Arbor, Michigan.

2.    Plaintiff was and is the biological father of BREKKIN RILEY BRUCE, Deceased, who was only eight years old when she passed away on July 9, 2020, as a result of the actions described herein.

3. Plaintiff was and is the biological father of TRENTON BEAU BRUCE, Deceased, who was only six years old when he passed away on July 9, 2020, as a result of the actions described herein.

4. At all times relevant, Defendant BARNETS, INC. (hereinafter "BARNETS"), was and is a Foreign Profit Corporation, incorporated in the State of Ohio, with its principal place of business in Camden, Ohio.

5. At all times relevant, Defendant GARY GREGG (hereinafter "GREGG"), is a citizen of Ohio, conducting business in the County of Wayne, State of Indiana, and is one of the owners of Defendant BARNETS, responsible for the hiring, firing, and supervision of BARNETTS' employees, including Defendant WITHROW.

6. Upon information and belief, and at all times relevant, Defendant COREY R. WITHROW (hereinafter "WITHROW") is a citizen of Ohio, conducting business in the County of Wayne, State of Indiana, employed by Defendant BARNETS as truck driver.

7. At all times relevant, Defendants GREGG and WITHROW were agents, servants, and/or employees of Defendant BARNETS, acting in the course and scope of their employment / agency with Defendant BARNETTS, and therefore imposing liability upon Defendant BARNETS under the doctrine of *respondent superior.*

8. At all times relevant, Defendant ELISE MARIE ACOSTA (hereinafter "Acosta") was and is a citizen and resident of the State of Michigan, and the biological mother of BREKKIN RILEY BRUCE, Deceased, and TRENTON BEAU BRUCE, Deceased.

9. Defendant Acosta is being named as required under the Indiana Wrongful Death Statute, so that her interests as mother of Brekkin and Trenton can be represented throughout these proceedings.

10. The motor vehicle accident described herein occurred on I-70 E, at mile marker 137, in Cambridge, Indiana, which is situated in Wayne County, Indiana

11. The amount in controversy greatly exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs, interest and attorney fees.

12. Full and complete diversity of citizenship exists between Plaintiff and Defendants and jurisdiction is properly vested with this Court pursuant to 28 USC §1332.

13. That venue is proper in this Court pursuant to 28 USC §1391 as a substantial part of the events or omissions giving rise to the claim occurred in this district.

## FACTUAL ALLEGATIONS

14. Plaintiff hereby reincorporates each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

15. On July 9, 2020, Defendant WITHROW was an employee, agent, and/or ostensible agent of Defendant BARNETS and was operating the semi-truck bearing USDOT #00394973 and VIN 1XKWDB9X54J070205.

16. Defendant BARNETS is a motor carrier as defined by the Federal Motor Carrier Safety Act ("FMCSA") and was issued and operates under USDOT #00394973. Pursuant to 49 CFR § 390.5, the FMCSR defines "Motor Carrier" as a for-hire motor carrier or a private motor carrier, including a motor carrier's agents, officers and representatives, as well as employees responsible for hiring, supervising, training, assigning, or dispatching of driver and employees concerned with the installation, inspection, and maintenance of motor vehicle equipment and/or accessories, and includes the term "employer."

17. The semi-truck bearing VIN 1XKWDB9X54J070205 was owned by Defendant BARNETS as they had exclusive use and control of the semi-truck.

18. On July 9, 2020, just after 5:00 pm, Plaintiff was lawfully operating a black Chevrolet Impala, in which his two biological children, BREKKIN RILEY BRUCE and TRENTON BEAU BRUCE, and his two step-children, were also seated, traveling eastbound in the right lane of I-70, near mile marker 137, traveling behind a semi-truck being operated by Thomas Flaherty.

19. On said date and time, Defendant WITHROW was operating his truck and also traveling eastbound in the right lane, and behind Plaintiff's vehicle.

20. As all three vehicles were approaching the 137 mile marker, Flaherty's vehicle began to slow down and move over to the left lane due to an upcoming right lane closure resulting from road construction.

21. On said date and time, Plaintiff / Plaintiff's vehicle was also slowing down and attempting to move over when he was suddenly and violently rear ended by Defendant WITHROW's vehicle, which was traveling at 72 mph in a construction zone.

22. After being hit by WITHROW's semi-truck, Plaintiff's vehicle propelled into the back of Mr. Flaherty's semi-truck.

23. On said date and time, after hitting Mr. Flaherty's semi-truck, Plaintiff's vehicle continued into the inside left shoulder, came to a rest, and caught on fire.

24. The collision killed all four of the minor children, including BREKKIN RILEY BRUCE and TRENTON BEAU BRUCE.

25. Defendant WITHROW was under the influence of drugs and/or alcohol while operating his vehicle at the time of the collision.

26. After the collision, Defendant WITHROW was staggering around the scene, unable to stay awake; therefore, he was taken to a local hospital and his blood was drawn, which showed evidence of marijuana, amphetamines, and methamphetamines in his system at the time he struck Plaintiff's vehicle.

27. Defendant WITHROW has a history of drug use, drug dependence, and criminal charges related to said history, which was known by Defendants BARNETS and GREGG.

28. Upon all information and belief, Defendant WITHROW may have been and/or was further distracted while also using his phone while trying to drive.

29. As a direct and proximate result of the above referenced collision which caused the Wrongful Deaths of BREKKIN RILEY BRUCE and TRENTON BEAU BRUCE, Plaintiff suffered injuries and damages on account of said Wrongful Deaths including, but not limited to, the following:

   a. Loss of his children's love and companionship causing severe, debilitating, and constant mental anguish;

   b. Loss of each child's services;

   c. Health care and hospitalization expenses necessitated by the wrongful acts and/or omissions causing death

   d. Funeral and burial expenses;

   e. Reasonable expenses incurred for psychiatric and psychological counseling because of the death of each child;

   f. Uninsured debts of the child, including debts for which Plaintiff is obligated on behalf of each child;

   g. All costs and legal fees associated with the filing, pursuit and prosecution of the Wrongful Death claims herein;

   h. Any other damages permitted under Indiana's Wrongful Death Statute for Children (IC 34-23-2-1).

## COUNT I

### WRONGFUL DEATH
### (INDIANA WRONGFUL DEATH STATUTE IC 34-23-2-1)

### Defendants Barnets & Withrow

30. Plaintiff hereby reincorporates each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

31. At all times relevant hereto, and pursuant to Indiana law, Defendant WITHROW owed a duty to act with ordinary care for the safety of the public and specifically to Plaintiff and Plaintiff's children, which duty includes but is not limited to, obeying all laws, statutes and city ordinances while driving subject vehicle on public roads.

32. At all times relevant, Defendant WITHROW had a duty to act as a reasonably careful person would act under the same or similar circumstances as existed at the time of the subject collision.

33. At all times relevant hereto, Defendant WITHROW breached the duty he owed to Plaintiff and Plaintiff's children in the following ways:

   a. Operating a motor vehicle under the influence of drugs and/or alcohol;

   b. Driving over the posted speed limit in a construction zone;

   c. Failure to pay attention to the roadway;

   d. Following a vehicle too closely in violation of IC 9-21-8-14;

   e. Failure to operate a vehicle in accordance with IC 9-21-8-24;

   f. Failure to safely stop or slow a vehicle in violation of IC 9-21-8-26;

   g. Failure to yield in violation of IC 9-21-8-29 through IC 9-21-8-34;

    h.   Failure to drive at a safe speed in violation of IC 9-21-5;

    i.   Failure to obey a traffic control device and/or flagman in the vicinity of a highway work zone in violation of IC 9-21-8-56;

    j.   Operating a telecommunication device while operating a moving motor vehicle in violation of IC 9-21-8-59;

    k.   Failing to yield to traffic;

    l.   Failure to take evasive action so as to avoid the collision;

    m.   Failure to use due care and caution while operating the motor vehicle;

    n.   Operating a multi-ton semi-truck in a manner which endangered other drivers and occupants of other vehicles, so as to demonstrate a substantial lack of concern for public safety, amounting to gross negligence;

    o.   Driving on a public highway in willful and wanton disregard for the safety of others;

    p.   Failure to see the vehicles in front of him from a reasonable distance which would have prevented Defendant WITHROW from driving directly into the vehicles in front of him;

    q.   Driving in a careless manner;

    r.   Failure to keep a sharp and careful lookout and to be attentive to existing traffic conditions;

    s.   Failure to drive with due care and/or caution as required under the circumstance;

    t.   Failure to operate his motor vehicle upon the highway at a speed not greater than would permit him to bring his vehicle to a stop within an assured clear distance ahead;

    u.   Failure to obey all applicable statutes and/or city ordinances;

    v.   Failing to properly maintain the semi-truck and conduct proper pre-trip inspection to identify defects in the semi-truck, including but not limited to tire wear and alignment, in violation of the FMCSA and FMCSR 49 CFR 396, including 49 CFR 396.11;

    w.   All other breaches of duty revealed during discovery.

34. That under Indiana law, Defendant BARNETS is vicariously liable under the doctrine of *respondeat superior* for all negligent acts committed by employee, agent, or ostensible agent, Defendant WITHROW when acting within the course and scope of his employment.

35. As a direct and proximate result of Defendants' negligence and/or gross negligence, Defendants caused the Wrongful Deaths of BREKKIN RILEY BRUCE and TRENTON BEAU BRUCE, causing Plaintiff to suffer the injuries and damages as outlined and enumerated above.

WHEREFORE, Plaintiff respectfully requests judgment in favor of Plaintiff and against Defendants in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs, interest and attorney fees.

## COUNT II

## WRONGFUL DEATH
## (INDIANA WRONGFUL DEATH STATUTE IC 34-23-2-1)

### Defendant Barnets via Owner Liability

36. Plaintiff hereby reincorporates each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

37. Defendant BARNETS was the owner of the semi-truck operated by Defendant WITHROW, who negligently operated said truck as referenced and described above.

38. Defendant WITHROW had the express and / or implied consent and permission of Defendant BARNETS to operate the semi-truck at the time of the collision.

39. Defendant BARNETS, as the owner of the semi-truck involved in the subject collision, is liable to Plaintiff for the negligent actions of Defendant WITHROW as referenced and described above.

40. As a direct and proximate result of Defendant WITHROW'S negligence and/or gross negligence, Defendant BARNETS is liable for the Wrongful Deaths of BREKKIN RILEY BRUCE and TRENTON BEAU BRUCE, which caused Plaintiff to suffer the injuries and damages as outlined and enumerated above.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against defendants in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs, interest and attorney fees.

## COUNT III

### WRONGFUL DEATH
### (INDIANA WRONGFUL DEATH STATUTE IC 34-23-2-1)

**Defendants Barnets & Gregg via Negligent Hiring, Supervision & Entrustment**

41. Plaintiff hereby reincorporates each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

42. In September of 2013, Defendant WITHROW completed a drug treatment program after he was charged for possession of heroin in Montgomery County, Ohio.

43. In September of 2016, Defendant WITHROW was sentenced to three years of probation and completed a drug and alcohol diversion program for heroin possession, and for breaking and entering and burglary, in Preble County, Ohio.

44. In 2018 and/or 2019, Defendant WITHROW received three years of probation for aggravated possession of drugs in Preble County, Ohio.

45. Defendant GREGG hired Defendant WITHROW as a truck driver employee for Defendant BARNETS in 2019.

46. Prior to hiring Defendant WITHROW, Defendant BARNETS and Defendant GREGG *knew* of Defendant WITHROW's prior drug convictions. Defendant GREGG justified the hiring by telling the media "I made sure I was always here whenever he left to observe him".

47. Defendant BARNETS and Defendant GREGG therefore knew that hiring and allowing a known drug abusing criminal to drive Defendants' trucks on the road, would likely, and under these circumstances, certainly, cause a serious injury collision like the one involved here.

48. Defendant BARNETS and Defendant GREGG owed a duty to the general public and to the Plaintiff not to negligently allow their vehicle to be driven by Defendant WITHROW without due care and caution, and not to allow the vehicle to be operated in such a manner as to endanger the general public and specifically endanger Plaintiff's health, life, and property, in violation of the motor vehicle code of the State of Indiana and the rules of common law.

49. Contrary to the duties owed to Plaintiff, Defendant BARNETS and Defendant GREGG negligently, recklessly, and intentionally, breached these duties by allowing its semi-truck to be operated by a known drug abusing criminal, whom they knew would operate the vehicle in a careless, reckless, or incompetent manner, in violation of the motor vehicle code of the State of Indiana and the rules of common law.

50. As a result of Defendant BARNETS' and GREGG's negligent entrustment of the semi-truck to Defendant WITHROW, and Defendants' reckless and intentional misconduct by entrusting the truck to a known drug abusing criminal, Defendant WITHROW operated said truck in the negligent and/or grossly negligent manner as referenced and described above,

causing the Wrongful Deaths of BREKKIN RILEY BRUCE and TRENTON BEAU BRUCE, which caused Plaintiff to suffer the injuries and damages as outlined and enumerated above.

WHEREFORE, Plaintiff respectfully requests judgment in their favor and against Defendants, in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs, interest and attorney fees.

### COUNT IV

### WRONGFUL DEATH
### (INDIANA WRONGFUL DEATH STATUTE IC 34-23-2-1)

**Defendants Barnets & Gregg via Negligent Hiring, Training & Detention**

51. Plaintiff hereby reincorporates each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

52. On the above date, Defendant WITHROW was an employee and/or agent of BARNETS, who was hired and supervised by BARNETS owner, Defendant GREGG.

53. At the time of the collision, Defendant WITHROW was in the course and scope of his employment with BARNETS.

54. As the employer of Defendant WITHROW, Defendant BARNETS is responsible for the negligent actions of its employee and/or agent.

55. At the time of the above incident, Defendant BARNETS, vicariously through their employee and/or agent, Defendant WITHROW, owed duties to the general public, but especially to Plaintiff, to perform Defendants' duties in a non-negligent manner.

56. At all times, Defendant BARNETS and Defendant GREGG , through its agent and employees, breached its duty to exercise ordinary care in one or more of the following ways:

    a. Hiring a known drug abusing criminal to operate its trucks on the open roads;

    b. Failing to ensure BARNETS' employees were properly trained, licensed and/or supervised to operate a semi-truck such as the one involved in the subject crash;

    c. Failing to warn the Plaintiff prior to the crash in question;

    d. Failing to hire, manage, supervise and train employees and/or agents who were competent to inspect and maintain a semi-truck in a reasonable manner;

    e. Failing to hire, manage, supervise and train employees and/or agents to competently operate a semi-truck in a reasonable manner;

    f. Failing to create, implement, and enforce an inspection and maintenance policy and procedure to prevent the operation of unsafe semi-trucks;

    g. Failing to create, implement, and enforce a safety driving policy and procedure to prevent from crashes such as the incident complained of herein;

    h. Failing to hire employees who are competent and capable of acting reasonably under the circumstances;

    i. Failing to otherwise act reasonably under the circumstances;

    j. Failing to obey all applicable statutes and/or city ordinances; and

    k. All other breaches of duty identified in deposition testimony and/or answers to interrogatories and/or all other discovery, and all other breaches that become known throughout litigation and all of which is hereby adopted by reference.

57. As a direct and proximate result of Defendants' negligent actions, Defendants caused the Wrongful Deaths of BREKKIN RILEY BRUCE and TRENTON BEAU BRUCE, which caused Plaintiff to suffer the injuries and damages as outlined and enumerated above.

WHEREFORE, Plaintiff respectfully requests judgment in their favor and against Defendants, in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs, interest and attorney fees.

Respectfully submitted,

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C.

By: /s/ Geoffrey N. Fieger_____
    Geoffrey N. Fieger
    Attorney for Plaintiff
    19390 W. Ten Mile Road
    Southfield, Michigan 48075
    (248) 355-5555; Fax: (248) 355-5148
    g.fieger@fiegerlaw.com

Dated: October 9, 2020

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

AARON MICHAEL BRUCE, Individually, and as
Parent of BREKKIN RILEY BRUCE, Deceased,
and TRENTON BEAU BRUCE, Deceased          Case No.1:20-cv- 2636

    Plaintiff,

v.

BARNETS, INC, an Ohio Corporation, GARY
GREGG, COREY R. WITHROW, and ELISE MARIE
ACOSTA, Jointly and Severally,

    Defendants.
_____/

## PLAINTIFF DEMAND FOR TRIAL BY JURY

Plaintiff, AARON MICHAEL BRUCE, Deceased, by and through his attorneys, FIEGER, FIEGER, KENNEY & HARRINGTON, P.C., hereby requests a trial by jury in this matter.

Respectfully submitted,

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C.

By:/s/ Geoffrey N. Fieger_____
Geoffrey N. Fieger
Attorney for Plaintiff
19390 W. Ten Mile Road
Southfield, Michigan 48075
(248) 355-5555; Fax: (248) 355-5148
g.fieger@fiegerlaw.com

Dated: October 9, 2020

{01004486.DOCX}                1